NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250336-U

NO. 4-25-0336

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 26, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| SHONTEZ L. FRAZIER, | ) | No. 19CF1020 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Amy L. McFarland, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding the record supported the trial court's summary dismissal of defendant's postconviction petition at the first stage of postconviction proceedings.

¶ 2    In July 2022, defendant, Shontez L. Frazier, pleaded guilty to criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2018)). In February 2025, he filed a postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)) that was subsequently dismissed. On appeal, defendant argues the trial court erred when dismissing his *pro se* postconviction petition at the first stage where an arguable basis for a constitutional claim existed that his plea was involuntary because he mistakenly believed he would not be subject to a variable mandatory supervised release (MSR) term. We disagree and affirm.

¶ 3                    I. BACKGROUND

¶ 4    In October 2019, defendant was charged by indictment with two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2018)), one count of criminal sexual abuse (*id.* § 11-1.50(a)(1)), and four counts of aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(ii), (d)). The charges stemmed from allegations that defendant, who was 34 years old at the time, had sexually assaulted two minors on September 2, 2019. Defendant was initially represented by appointed counsel but subsequently retained private counsel. However, both attorneys eventually withdrew

¶ 5    In September 2020, defendant sought to represent himself. The trial court admonished defendant as to the charges and potential penalties, including MSR. The court found he knowingly and voluntarily waived his right to counsel and permitted him to proceed *pro se*.

¶ 6    In July 2022, defendant pleaded guilty to count I, criminal sexual assault. The trial court explained:

> "This is a Class 1 felony. Class 1 felonies are punishable by a term of imprisonment in the Illinois Department of Corrections of between 4 and 15 years. That would be followed by a three-year period of [MSR] up until life. There's also the possibility of a fine in this case of up to $25,000. Now, this also indicates that you are eligible for an extended term based upon your prior record. So that means, instead of the 4 to 15, it could have been 15 to 30 years in the Illinois Department of Corrections. Do you have any questions about the charge or the possible penalties, [defendant]?
>
> [DEFENDANT]: No, I don't."

Per the plea agreement, the State would dismiss counts II through VII, and defendant would pay

a $75 fine plus assessments, be sentenced to 4 years in prison, receive a credit of 1,002 days already served, and be required to register as a sex offender for life.

¶ 7 Following admonishments pertaining to defendant's written waiver of a jury and plea agreement, the trial court reiterated the plea agreement and potential penalties as follows:

"All right. That says—and I'll go over it one more time now. That says that you're pleading guilty to Count 1. Again, Count 1 alleges that on the 2nd day of September, 2019, here in McLean, in the county of McLean County, state of Illinois, you committed the offense of criminal sexual assault, in that the defendant, through the use of force, committed an act of sexual penetration, involving the penis of the defendant and the vagina of T.W. Again, this is a Class 1 felony punishable by a period of incarceration in the Illinois Department of Corrections of between 4 and 15 years. That would be followed by a three-year period of [MSR], up to a lifetime period. And it also indicates that you are eligible for an extended term based upon your prior record, which means instead of the 4 to 15, it could be 15 to 30 years, still followed by 3-year period of [MSR], and also still followed by that 3 years of [MSR], or up to life on the [MSR].

Do you have any questions, [defendant], about the charge that you're pleading guilty to, or the possible penalties that could have been imposed?

[DEFENDANT]: No, I don't.

¶ 8　　　　　　After the trial court found defendant had knowingly and voluntarily entered into the plea agreement, the court entered judgment for one count of criminal sexual assault and sentenced defendant to "four years in the Illinois Department of Corrections, followed by a three-year period up to life of [MSR]," in addition to the other conditions of the plea agreement. The written plea agreement did not reference any period of MSR. The written sentencing order indicates three-years to life of MSR.

¶ 9　　　　　　The record does not reveal defendant ever sought to withdraw his guilty plea or challenge his sentence. He also did not file a direct appeal in this matter.

¶ 10　　　　　　Citing the Illinois Department of Corrections website, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Feb. 5, 2026), defendant notes he was released from prison on May 29, 2024. However, he was reincarcerated on October 2, 2024, for violating his MSR.

¶ 11　　　　　　In February 2025, defendant filed a *pro se* petition pursuant to the Act. The petition exceeds 160 pages and makes a great many complaints. Specific to the issue on appeal, the petition alleged defendant had only agreed to what was contained in the written plea agreement. He argued, had he "[seen] within the plea agreement that a 3 years to life term of [MSR] was stated within [the] plea agreement, [he] would not have signed the plea agreement." The petition notes that if the MSR term "was spoke on by the Judge, there was a clear communication breakdown, because [defendant] reasonably believed that the Judge was speaking on, and that [he] was agreeing to, only what was written into the plea agreement."

¶ 12　　　　　　In March 2025, the trial court entered a written order dismissing defendant's *pro se* petition as frivolous and patently without merit and failing to present the gist of a constitutional claim. The court's order focused on defendant entering into a negotiated plea of

guilty while representing himself. The court stated defendant had not claimed his plea was entered into involuntarily. The court found many of the complaints were effectively waived by defendant's self-representation and failure to challenge the plea itself.

¶ 13 This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15 On appeal, defendant argues the trial court erred when dismissing his *pro se* postconviction petition at the first stage where an arguable basis for a constitutional claim existed that his plea was involuntary because he mistakenly believed he would not be subject to a variable MSR term. He directly references the written plea agreement, which contained no mention of an MSR term.

¶ 16 "The [Act] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12. A postconviction petition must clearly set forth the ways in which a defendant claims his constitutional rights were violated. 725 ILCS 5/122-2 (West 2024). "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *Id.*

¶ 17 "The Act provides a three-stage process for the adjudication of postconviction petitions." *Buffer*, 2019 IL 122327, ¶ 45. "At the first stage, the [trial] court reviews the petition independently within 90 days after it is filed and docketed." *People v. Hatter*, 2021 IL 125981, ¶ 22. The threshold to survive summary dismissal at the first stage is low, and a petition should only be summarily dismissed "if it is 'frivolous or is patently without merit.' " *Id.* ¶ 23 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2016)). "A postconviction petition is frivolous and patently

- 5 -

without merit if it has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *Id.* "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). "An example of an indisputably meritless legal theory is one which is completely contracted by the record." *Id.*

¶ 18      "The allegations of the petition, taken as true and liberally construed, must present the gist of a constitutional claim." *Hatter*, 2021 IL 125981, ¶ 24. "To set forth the 'gist' of a constitutional claim, the post-conviction petition need only present a limited amount of detail [citation] and hence need not set forth the claim in its entirety." (Internal quotation marks omitted.) *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To raise the gist of a constitutional claim, the petition "need not present formal legal arguments or citations to legal authority." *Hatter*, 2021 IL 125981, ¶ 24. We review the summary dismissal of a postconviction petition at the first stage *de novo*. *Id.*

¶ 19      Defendant argues he presented an arguable basis for a constitutional due process claim where he mistakenly believed the variable MSR term discussed by the trial court during his plea hearing would not apply to him because it was not contained within the written plea agreement. While he notes he was correctly admonished by the court as to the variable MSR term at the plea hearing, he contends he received misleading admonishments about the potential for a nonvariable MSR term when he waived counsel in September 2020. He argues this added to his confusion. He also notes the written plea agreement contained secondary sentencing terms, such as the sentencing credit he received and the requirement to register as a sex offender but was silent as to any MSR term. He also contends he was not properly admonished pursuant to Illinois Supreme Court Rule 402(d)(3) (eff. July 1, 2012) at the plea hearing that the court was

not bound by the plea agreement.

¶ 20    The State argues the trial court satisfied due process when it admonished defendant of the MSR requirements at the time of the plea. The State notes defendant concedes the court properly admonished him about a variable MSR term at the plea hearing. The State argues defendant was aware of the variable MSR term when he pleaded guilty and, as such, there is no cognizable due process violation claim.

¶ 21    In reply, defendant disputes he conceded or was even aware of the trial court's variable MSR term admonishments. He notes the petition clearly stated he was confused and did not understand the court's admonishments regarding a variable MSR term. Rather, he was under the impression no variable MSR term would be imposed because it was not part of the written plea agreement.

¶ 22    We begin by noting that a trial court's failure to properly admonish a defendant as to the imposition of an MSR term is a cognizable claim under the Act. *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005). Our supreme court has explained that a "trial court's MSR admonishments need not be perfect, but they must substantially comply with the requirements of Rule 402." *People v. Morris*, 236 Ill. 2d 345, 367 (2010). A defendant must "be advised that a term of MSR will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged." *Id.* The court went on to encourage trial courts "to [1] discuss MSR when reviewing the terms of a defendant's plea agreement, to [2] include the MSR term when imposing sentence, and to [3] add the MSR term to the written order of conviction and sentence." *Id.* at 368.

¶ 23    In one respect, defendant's arguments on appeal attempt to frame the issue as a competition between the trial court's oral admonishments and the written plea agreement. "Plea

agreements are contracts between the State and the defendant, and the [trial] court is not a party to the agreement." *People v. Lenoir*, 2013 IL App (1st) 113615, ¶ 13. As such, a plea agreement outlines the terms, including sentencing bargained for, between the State and a defendant. *People v. Absher*, 242 Ill. 2d 77, 87 (2011). The plea agreement is not the sentencing order. However, even if it were, "[w]hen the oral pronouncement of the court and the written order are in conflict, the oral pronouncement of the court controls." *People v. Smith*, 242 Ill. App. 3d 399, 402 (1993). Here, defendant was sentenced to a variable MSR term of three years to life pursuant to section 5-8-1(d)(4) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d)(4) (West 2022)). Where "the MSR term is statutorily mandated, it is not part of the plea bargain; the State cannot offer to exclude it as a part of a plea negotiation, and the court has no authority to withhold it in imposing sentence." *People v. Boykins*, 2017 IL 121365, ¶ 11. Accordingly, we find no basis in defendant's arguments to conclude the written plea agreement usurped the statutorily mandated MSR term.

¶ 24　　　　In another respect, defendant's arguments on appeal attempt to frame the issue as inadequate admonishments because the trial court failed to explicitly reference language from Rule 402(d)(3) or confusing admonishments because it discussed a fixed MSR term nearly two years prior to the plea hearing when defendant waived counsel. However, the court did in fact follow the guidance from *Morris*. See *Morris*, 236 Ill. 2d at 368. The court discussed the MSR term when it reviewed the plea agreement with defendant on two occasions during the plea hearing. After each reference to the variable MSR term, the court asked defendant if he had any questions, to which he responded he did not. The court included the MSR term when it imposed sentence. The court also included the MSR term in the written sentencing order. To the extent defendant contends the court's MSR admonishments were inadequate or confusing, we disagree.

Furthermore, there is no due process requirement that a court's "admonishments must expressly link MSR during the pronouncement of the agreed-upon sentence." *Boykins*, 2017 IL 121365, ¶ 21.

¶ 25        While the trial court incorrectly concluded defendant had not claimed his plea was involuntary, our *de novo* review of the issue finds defendant's claims are frivolous and patently without merit and contradicted by the record. See *People v. Jackson*, 2021 IL App (1st) 190263, ¶ 38 ("*De novo* consideration means that the reviewing court performs the same analysis that a trial judge would perform."). "In addition, a reviewing panel, such as ourselves, may affirm on any basis found in the record." *Id.*

¶ 26                              III. CONCLUSION

¶ 27        For the reasons stated, we affirm the trial court's judgment.

¶ 28        Affirmed.