**2021 IL 125981**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____


(Docket No. 125981)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
ANTHONY HATTER, Appellant.


*Opinion filed May 20, 2021.*



JUSTICE CARTER delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Garman, Theis, Neville, Michael J. Burke, and Overstreet concurred in the judgment and opinion.



**OPINION**

¶ 1     In this case, we consider whether a *pro se* postconviction petition, alleging the petitioner's trial counsel failed to raise a plausible defense to the charges that were the subject of his guilty plea, set forth a nonfrivolous constitutional claim of ineffective assistance of counsel. The circuit court of Cook County summarily dismissed the petition as frivolous and patently without merit. The appellate court

affirmed the circuit court's judgment. 2020 IL App (1st) 170389-U. For the following reasons, we also affirm.

¶ 2                                    I. BACKGROUND

¶ 3        The petitioner, Anthony Hatter, was charged with nine counts of criminal sexual assault (720 ILCS 5/11-1.20 (West 2012)) based on three acts involving F.T., his live-in girlfriend's 13-year-old daughter. The indictment alleged that on August 21, 2013, petitioner made contact between his penis and F.T.'s vagina, that petitioner made contact between his mouth and F.T.'s vagina, and that he inserted his finger into F.T.'s vagina. Petitioner was charged with committing each of those acts (1) by the use of force or the threat of force (*id.* § 11-1.20(a)(1)), (2) while knowing F.T. was unable to give knowing consent (*id.* § 11-1.20(a)(2)), and (3) while F.T. was under 18 years of age and petitioner was her "family member," in that petitioner was her mother's live-in boyfriend (*id.* § 11-1.20(a)(3)).

¶ 4        On January 10, 2014, petitioner entered into a negotiated plea agreement. Petitioner agreed to plead guilty to two counts of criminal sexual assault in return for the State's recommendation of a four-year sentence on each count, to be served consecutively, and the State's agreement to nol-pros the remaining charges. Petitioner pled guilty to counts VII and IX, alleging that he committed the offense of criminal sexual assault by knowingly making contact between his penis and F.T.'s vagina and inserting his finger into F.T.'s vagina while she was a minor and petitioner was her "family member," as the live-in boyfriend of her mother.

¶ 5        The trial court informed petitioner that each charge was punishable by a sentence of 4 to 15 years' imprisonment, with the potential for an additional 30 years if there were aggravating factors, followed by a 2-year term of mandatory supervised release. Petitioner stated he understood the charges and the applicable sentencing range.

¶ 6        In its factual basis for the plea, the State asserted that, if the case proceeded to trial, F.T. would testify that she was at home with petitioner, her mother's live-in boyfriend. After F.T. lay down to take a nap, she felt someone touching her clothing. She jumped up and saw petitioner in the room. Petitioner stated he was looking for the television remote control and asked F.T. if her head hurt. When F.T.

said "yes," petitioner gave her two blue pills that she thought were Advil. After F.T. lay back down and pretended to sleep, she felt petitioner pulling down her underwear and leggings and placing his fingers inside her vagina. F.T. would have testified that it "hurt" and that she was "extremely afraid and continued to act as though she were asleep." F.T. would have further testified that petitioner then "put his penis inside of her vagina," also causing pain. Petitioner removed his penis a short time later. He laid with F.T. for two to three minutes, pulled up her underwear and leggings, and then got up and left the room.

¶ 7    When F.T.'s brother returned home, she cried out to him, and they called 911. Police officers arrived and arrested petitioner. The State asserted the evidence would also show that F.T. was born on February 25, 2000, that petitioner was her mother's live-in boyfriend, and that petitioner was over the age of 17 at the time of the offenses.

¶ 8    Based on petitioner's agreement that the State would present that evidence if the case went to trial, the trial court accepted his guilty plea. The trial court found that petitioner understood the nature of the charges, the possible penalties, and his rights. The trial court further found that petitioner was pleading guilty freely and voluntarily and that his guilty plea was supported by a factual basis. In accordance with the plea agreement, the trial court then sentenced petitioner to two consecutive four-year prison terms followed by two years of mandatory supervised release. The trial court also imposed fines, fees, and costs of $699. The State nol-prossed the remaining seven counts in the indictment.

¶ 9    Petitioner did not move to withdraw his guilty plea or file a direct appeal. Petitioner, however, subsequently wrote a letter to his attorney, stating he had discovered that the applicable statute required imposition of a mandatory supervised release term of "three years to life." Petitioner noted that he had been ordered to serve only two years of mandatory supervised release. Petitioner's attorney raised this issue in a motion filed in the circuit court. The circuit court responded by scheduling a hearing where petitioner was offered an opportunity to vacate his guilty plea and "start all over again." Petitioner instead agreed to an amendment of the sentence to provide for the correct mandatory supervised release term of three years to life. On November 18, 2015, the circuit court issued a corrected mittimus reflecting the amended sentence.

¶ 10        On September 21, 2016, petitioner filed the *pro se* postconviction petition at issue in this appeal. Petitioner alleged his constitutional rights were violated during the guilty plea proceeding, stating in full:

> "Due process violate [*sic*] through ineffective Assistance of counsel. I am convicted of crime sex assault on a family member. I did not assault a family member. My attorney lied to me and force [*sic*] me/coherced [*sic*] me into pleading guilty. This is not what I was [a]ccused of doing. There was not any family member invol[v]ed at all. My lawyer stated I have to take 3 yrs. to life, but the judge order 2 yrs. M.S.R. 720 5/11-0.1 state 'family member' means a parent, grandparent, child, aunt, uncle, great-aunt or great-uncle, whether by whole blood, half-blood or adoption, and includes a step-grandparent, step-parent or step-child. 'Family member' also means, if the victim is a child under 18 years of age, an accused who has resided in the household with the child continuously for at least 6 mos. I only was there [word scratched out] [unclear writing] 2 mos."

Petitioner attached a notarized affidavit verifying that the allegations in his petition were true and correct to the best of his knowledge.

¶ 11        On November 18, 2016, the trial court summarily dismissed the petition as frivolous and patently without merit. The trial court determined that the petition alleged that (1) petitioner's guilty plea was involuntary because his attorney coerced him into pleading guilty, (2) petitioner was actually innocent of the charges he pled guilty to because he was not F.T.'s "family member," and (3) petitioner's attorney provided ineffective assistance in advising him about the applicable term of mandatory supervised release.

¶ 12        The trial court found that petitioner's guilty plea was voluntary and that his attorney properly advised him about the term of mandatory supervised release. The trial court noted that petitioner had declined the opportunity to withdraw his guilty plea based on the imposition of the incorrect term of mandatory supervised release. Relevant to this appeal, the trial court concluded that petitioner's claim based on the statutory "family member" definition failed because he pled guilty and the State would have proven at trial that petitioner lived in the same household with F.T. and her mother.

¶ 13    Petitioner appealed, contending that his petition, read liberally, presented a nonfrivolous claim that his attorney was ineffective for failing to raise the defense that he was not F.T.'s "family member," as defined by the applicable statute. The criminal sexual assault statute requires a six-month continuous residency to qualify as a "family member," and petitioner alleged that he lived with F.T.'s mother for only two months. Petitioner contended that his trial counsel was arguably deficient in failing to raise this defense given the lack of proof that he lived in the residence for six months. Petitioner further maintained that he was arguably prejudiced by the deficient performance because he likely would have pled not guilty given the strength of the defense.

¶ 14    The appellate court held petitioner's claim failed because he did not show he was arguably prejudiced by the alleged deficient performance. 2020 IL App (1st) 170389-U, ¶ 20. To show prejudice in these circumstances, a defendant must demonstrate a reasonable probability that, absent counsel's errors, he would have pled not guilty and insisted on going to trial. *Id.* ¶ 16 (citing *People v. Hall*, 217 Ill. 2d 324, 335 (2005)). The allegation must be supported by either a claim of innocence or the articulation of a plausible defense. *Id.*

¶ 15    The appellate court held that petitioner could not meet this standard because he did not offer any defense to the six counts of criminal sexual assault that did not rely on the "family member" element and were nol-prossed by the State as part of the plea agreement. *Id.* ¶ 19. Those counts charged petitioner with three separate acts of sexual penetration, committed either by the use or threat of force or while knowing F.T. was unable to consent. Petitioner never alleged he was innocent of those six counts or that he had a plausible defense to those charges. The appellate court found that the record did not demonstrate a reasonable probability that, but for counsel's alleged errors, petitioner would have rejected the plea offer and insisted on going to trial. *Id.* ¶ 20. Accordingly, the appellate court held that the petition failed to show petitioner was arguably prejudiced by his attorney's alleged deficiencies and, therefore, did not state an arguable claim of ineffective assistance of counsel. *Id.*

¶ 16    Petitioner also argued that certain fines and fees should be offset by *per diem* monetary credit but later agreed with the State that the issue should be remanded to the trial court under Illinois Supreme Court Rule 472 (eff. May 17, 2019) (setting

forth the procedure for correcting sentencing errors, including application of *per diem* credit against fines). 2020 IL App (1st) 170389-U, ¶¶ 21-22. The appellate court agreed and, therefore, remanded to the circuit court to allow petitioner to raise his alleged errors regarding *per diem* credit under Rule 472. The appellate court otherwise affirmed the judgment of the circuit court. *Id.* ¶¶ 23-24.

¶ 17       We allowed petitioner leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2019).

¶ 18                                II. ANALYSIS

¶ 19       On appeal to this court, petitioner contends that he alleged an arguable constitutional claim that his attorney was ineffective for failing to discover and raise a plausible defense. Petitioner contends that he presented a claim of deficient performance by alleging that he only lived in the residence for two months, while the "family member" element of the charges requires continuous residence for at least six months. Petitioner maintains that he was arguably prejudiced by his attorney's deficient representation because there is a reasonable probability that he would have pled not guilty and insisted on a trial, given his plausible defense to those charges.

¶ 20       Petitioner further argues that, contrary to the appellate court's decision, he was not required to also set forth a plausible defense to the dismissed charges to survive summary dismissal of his petition. At the first stage of postconviction proceedings, a petitioner is only required to allege an arguable basis in law and fact for the claim. A petitioner is not required to allege a fully formed constitutional claim and include facts supporting all elements. Petitioner contends his allegations were sufficient to satisfy the low standard for surviving summary dismissal at the first stage of the proceedings.

¶ 21       The State responds that petitioner failed to adequately plead that he was prejudiced by his attorney's alleged deficient performance. Although a postconviction petition must only present a limited amount of detail, a petitioner is not excused from providing any factual detail at all to support the alleged constitutional violation. The State contends that, even assuming petitioner had a valid defense to the three "family member" counts, he offered no claim of innocence or plausible defense to the other charges of criminal sexual assault that

did not include that element. Petitioner would not have received a more lenient sentence on any of those other charges. Thus, the appellate court properly held that petitioner failed to adequately allege he was prejudiced by his attorney's representation. The State also contends that the petition should be dismissed because it was not properly supported with corroborating evidence, as required by section 122-2 of the Post-Conviction Hearing Act (725 ILCS 5/122-2 (West 2016)).

¶ 22    The Post-Conviction Hearing Act provides a three-stage process for an imprisoned person to raise a constitutional challenge to a conviction or sentence. 725 ILCS 5/122-1 *et seq.* (West 2016); *People v. Johnson*, 2018 IL 122227, ¶ 14. In this case, petitioner's postconviction petition was dismissed at the first stage of the proceedings. At the first stage, the circuit court reviews the petition independently within 90 days after it is filed and docketed. 725 ILCS 5/122-2.1(a)(2) (West 2016); *People v. Morris*, 236 Ill. 2d 345, 354 (2010). The circuit court "considers the petition's 'substantive virtue' rather than its procedural compliance." *People v. Hommerson*, 2014 IL 115638, ¶ 7 (quoting *People v. Boclair*, 202 Ill. 2d 89, 102 (2002)).

¶ 23    The threshold for a petition to survive summary dismissal at the first stage of the proceedings is low, given that most postconviction petitions are drafted by *pro se* petitioners with little legal knowledge or training. *People v. Tate*, 2012 IL 112214, ¶ 9. The circuit court will only summarily dismiss the petition if it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016); *People v. Allen*, 2015 IL 113135, ¶ 21. A postconviction petition is frivolous or patently without merit if it "has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition that lacks an arguable basis in law or in fact is one "based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.*

¶ 24    The allegations of the petition, taken as true and liberally construed, must present the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). Thus, to survive summary dismissal, a petitioner is only required to include a limited amount of detail and need not present formal legal arguments or citations to legal authority. *People v. Delton*, 227 Ill. 2d 247, 254 (2008). A *pro se* petitioner is not excused, however, from providing any factual detail at all surrounding the

alleged constitutional violation. *Id.* We review the summary dismissal of a postconviction petition *de novo*. *People v. Boykins*, 2017 IL 121365, ¶ 9.

¶ 25    Here, petitioner claims that he was denied effective assistance of counsel during his guilty plea hearing. A claim of ineffective assistance of counsel is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, a petitioner must show counsel provided deficient performance resulting in prejudice to the defense. *Id.* at 687-88. At the first stage of postconviction proceedings, a petition alleging ineffective assistance of counsel may not be summarily dismissed if (1) counsel's performance arguably fell below an objective standard of reasonableness and (2) the petitioner was arguably prejudiced by the deficient performance. *Hodges*, 234 Ill. 2d at 17.

¶ 26    In the context of a claim that trial counsel was ineffective during a guilty plea proceeding, the first prong of the *Strickland* standard remains the same, but to satisfy the second prong, a petitioner " 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *People v. Brown*, 2017 IL 121681, ¶ 26 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). When, as here, a claim involves a defendant's prospects for acquittal, the defendant must show that he would have been " 'better off going to trial' " because he would have been acquitted or had a viable defense. *Id.* ¶ 34 (quoting *Lee v. United States*, 582 U.S. ___, ___, 137 S. Ct. 1958, 1965 (2017)). Thus, in this type of case, this court has required a claim of innocence or a plausible defense to establish prejudice. *Id.* ¶ 45 (citing *Hall*, 217 Ill. 2d at 335-36); *People v. Rissley*, 206 Ill. 2d 403, 459-62 (2003).

¶ 27    Here, after noting that courts may proceed directly to a consideration of the prejudice prong, the appellate court held that petitioner failed to sufficiently allege a reasonable probability that he would have pled not guilty and insisted on going to trial absent counsel's alleged errors. 2020 IL App (1st) 170389-U, ¶¶ 14-17. Accordingly, the appellate court concluded that petitioner failed to allege he was arguably prejudiced by counsel's deficient performance. *Id.* ¶ 20. We agree with the appellate court's conclusion.

¶ 28    Petitioner alleged a plausible defense to the three "family member" counts of criminal sexual assault charged in the indictment. As applied to this case, the "family member" counts required proof that petitioner "resided in the household

with the child continuously for at least 6 months." 720 ILCS 5/11-1.20(a)(3), 11-0.1 (West 2012). In his petition, petitioner alleged that he only lived in the same household as F.T. for two months.

¶ 29     Petitioner did not, however, allege any facts arguably indicating that he was innocent of the other six criminal sexual assault charges or that he had a plausible defense to those charges. Those counts alleged petitioner committed the acts of sexual penetration either by the use or threat of force (*id.* § 11-1.20(a)(1)) or while knowing F.T. was unable to give knowing consent (*id.* § 11-1.20(a)(2)). Those counts did not require any proof that petitioner was F.T.'s "family member." Thus, even if he could have presented a plausible defense to the "family member" charges, petitioner still faced six other alternative criminal sexual assault charges based on the use or threat of force or the victim's lack of knowing consent.

¶ 30     The question of whether counsel's alleged deficient performance caused petitioner to plead guilty depends in large part on predicting whether he likely would have been successful at trial. *Hall*, 217 Ill. 2d at 336 (citing *People v. Pugh*, 157 Ill. 2d 1, 15 (1993), citing *Hill*, 474 U.S. at 59). Stated differently, we must ask whether petitioner arguably would have been " 'better off' " rejecting the plea offer and insisting on a trial. See *Brown*, 2017 IL 121681, ¶ 34 (quoting *Lee*, 582 U.S. at ___, 137 S. Ct. at 1965). Petitioner's allegations do not meet that standard.

¶ 31     As the State points out, all nine of the offenses charged in the indictment were Class 1 felonies (720 ILCS 5/11-1.20(b)(1) (West 2012)), each punishable by a sentence of 4 to 15 years' imprisonment. 730 ILCS 5/5-4.5-30(a) (West 2012). The trial court is required to impose consecutive sentences for each conviction of criminal sexual assault. *Id.* § 5-8-4(d)(2). When the convictions are based on a continuous course of conduct with no substantial change in the criminal objective, the maximum aggregate sentence is limited to the sum of the maximum terms for the two most serious felonies. *Id.* § 5-8-4(f)(2). Accordingly, as a maximum penalty, petitioner could have been sentenced to two consecutive, 15-year terms if convicted on the remaining charges. *Id.*; 730 ILCS 5/5-4.5-30(a), 5-8-4(d)(2) (West 2012).

¶ 32     As noted, petitioner has not alleged any claim of innocence or plausible defense to those other charges, and none is apparent from the record or the factual basis. Petitioner does not dispute that the State would have presented evidence establishing the events described in the factual basis. In accordance with the plea

agreement, petitioner pled guilty to two counts and was sentenced to an aggregate term of eight years' imprisonment. The allegations of the petition do not show petitioner arguably would have been better off rejecting the plea offer and insisting on a trial, absent any claim of innocence or plausible defense to the remaining charges.

¶ 33     Petitioner, nonetheless, contends that under our decision in *Hall*, 217 Ill. 2d 324, he was not required to allege a plausible defense to all charges. In *Hall*, this court found a substantial showing of prejudice based on allegations of a defense applicable only to aggravated kidnapping, the charge to which the petitioner pled guilty. The petitioner in that case did not allege a plausible defense to the other counts that were dismissed as part of the plea agreement. Accordingly, petitioner maintains he is not required to allege a defense to all charges in this case.

¶ 34     In *Hall*, the petitioner was charged with aggravated kidnapping (720 ILCS 5/10-2(a)(2) (West 1998)), theft of property having a value in excess of $300 (*id.* § 16-1(a)(1)(A)), and aggravated unlawful refusal to obey an order to stop (625 ILCS 5/4-103.2(a)(7)(A) (West 1998)). *Hall*, 217 Ill. 2d at 327. The charges were based on the petitioner's act of taking a car that was left running at a gas station with the owner's 21-month-old daughter inside. Under a negotiated plea agreement, the petitioner pled guilty to aggravated kidnapping in exchange for dismissal of the other charges and the State's recommendation of a six-year prison sentence. *Id.* at 327-28.

¶ 35     The petitioner subsequently filed a *pro se* postconviction petition. The petitioner alleged he informed his attorney that he did not know the child was in the back seat of the car when he took it from the gas station, but his attorney told him that his lack of knowledge did not constitute a valid defense to the charge of aggravated kidnapping. *Id.* at 328. The petitioner further alleged that he was induced to plead guilty by his attorney's deficient advice that he had no defense to aggravated kidnapping. *Id.* at 336.

¶ 36     We concluded that the petitioner's allegations raised a plausible defense to the charge of aggravated kidnapping and that his attorney's alleged advice to the contrary was objectively unreasonable. *Id.* at 335. We further found the petitioner established that he was prejudiced because there was a reasonable probability that, absent counsel's deficient advice, he would have pled not guilty and insisted on a

trial. *Id.* at 336. Thus, the petitioner's allegations, taken as true and liberally construed, established a substantial showing of a constitutional claim of ineffective assistance of counsel. *Id.* at 341.

¶ 37　　　We find *Hall* is distinguishable from this case. In *Hall*, the parties did not present any argument on whether the petitioner would benefit from withdrawing his guilty plea to aggravated kidnapping. The benefit to the petitioner of avoiding the aggravated kidnapping charge was apparent, regardless of the outcome on the other charges, given the difference in potential penalties. The aggravated kidnapping charge was a Class X felony (720 ILCS 5/10-2(b) (West 1998)), by far the most serious offense charged. Additionally, conviction of that offense required registration under the Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2002)) and the Sex Offender and Child Murderer Community Notification Law (730 ILCS 152/101 *et seq.* (West 2002)). *Hall*, 217 Ill. 2d at 326. In his appeal to this court, the petitioner also challenged the constitutionality of those statutes as applied to him. *Id.* The potential penalties for the other two charges were less severe. Those charges, unlawful refusal to stop (625 ILCS 5/4-103.2(c) (West 1998)) and theft (720 ILCS 5/16-1(b)(4) (West 1998)), were Class 1 and Class 3 felonies, respectively.

¶ 38　　　By contrast, in this case there is no arguable advantage to petitioner in withdrawing his guilty plea unless he has a claim of innocence or some plausible defense to the other counts. The other counts charged the same offense of criminal sexual assault. The charges are all Class 1 felonies with the same sentencing range. Under the plea agreement, petitioner was convicted of two counts and sentenced to an aggregate term of eight years' imprisonment. Petitioner would have faced additional convictions and a much longer prison sentence if he were found guilty of the remaining charges following trial. As explained above, the maximum aggregate sentence was 30 years' imprisonment if petitioner were convicted of the offenses following trial.

¶ 39　　　Petitioner does not allege any facts arguably indicating that he had a claim of innocence or a plausible defense to those other charges. We also note that the record in this case indicates petitioner was satisfied with his plea agreement and sentence. Indeed, after being offered the opportunity to vacate his guilty plea and "start all over again" due to the error in his mandatory supervised release term, petitioner

declined and decided to confirm his previous plea agreement and sentence with the amendment imposing a longer term of mandatory supervised release.

¶ 40    In sum, petitioner's factual allegations do not establish an arguable reasonable probability that he would have decided to plead not guilty and insist on a trial, absent counsel's alleged errors in failing to discover and present the defense to three of the nine alternative charges. While we must take petitioner's allegations as true and construe them liberally, we cannot excuse the complete lack of any factual allegation arguably supporting a reasonable probability that, absent counsel's alleged errors, petitioner would have decided to plead not guilty and insisted on a trial. See *Delton*, 227 Ill. 2d at 254. Petitioner has failed to allege facts arguably showing that he was prejudiced by his attorney's alleged deficient advice. Accordingly, the circuit court did not err in summarily dismissing his postconviction petition as frivolous and patently without merit.

¶ 41    Given our decision that the allegations of the petition are insufficient to survive summary dismissal, we need not consider the State's alternative claim that the petition should have been dismissed because it was not supported with adequate documentation, as required by section 122-2 of the Post-Conviction Hearing Act (725 ILCS 5/122-2 (West 2016)). The summary dismissal of petitioner's postconviction petition is affirmed, and the cause is remanded to the circuit court to allow petitioner to raise the alleged errors involving *per diem* credit under Illinois Supreme Court Rule 472 (eff. May 17, 2019).

¶ 42                                III. CONCLUSION

¶ 43    For the reasons stated above, the appellate court's judgment, which affirmed the judgment of the circuit court, is affirmed.

¶ 44    Affirmed and remanded.