2024 IL App (1st) 221262-U

No. 1-22-1262

Order filed March 22, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 16764 |
| | ) | |
| LARRY COX, | ) | Honorable |
| | ) | Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*: Summary dismissal of defendant's postconviction petition is affirmed where defendant failed to present an arguable claim that his trial counsel rendered ineffective assistance by failing to remove an erroneous conviction from his criminal history, which allegedly caused the State to rescind a more favorable plea offer.

¶ 2    On appeal, Larry Cox contends that the circuit court should have allowed his *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) that he was denied effective assistance of counsel during plea negotiations. Cox alleges that his counsel

failed to correct an error on his criminal record, which indicated he had a prior conviction for attempted murder, and the error caused the State to rescind a more favorable plea offer.

¶ 3    Our independent review of the record reveals no arguable merit to Cox's claim that defense counsel was ineffective for failing to remove an erroneous conviction from his criminal history. We affirm.

¶ 4                                                     Background

¶ 5    Following a fully negotiated guilty plea, Cox was convicted of armed robbery while armed with a firearm that caused great bodily harm and was sentenced to an extended term of 30 years in prison.

¶ 6    Throughout numerous court dates beginning in June 2016 and continuing throughout 2017, ASAs reported ongoing negotiations with defense counsel. Finally, in January 2018, an ASA asked the court to continue the case for a plea or to set a trial date. On March 8, 2018, the trial court announced that "after extensive negotiations," the parties had reached a plea agreement.

¶ 7    Under the plea, the State nol-prossed the charges in the second case. The court noted Cox was charged with 66 counts of which the State nol-prossed 65. The State amended the one count of armed robbery with a firearm to add that Cox's conduct "resulted in great bodily harm," requiring 85% of the sentence be served. See 730 ILCS 5/3-6-3(a)(2)(iii) (West 2012). Defense counsel confirmed that the defense agreed with the amendment.

¶ 8    Cox pleaded guilty to the amended charge. He waived his rights to a jury trial and a presentence investigation. The court admonished Cox that the offense was a Class X felony and he had to serve 85% of the sentence. The parties agreed Cox was eligible for an extended-term sentence. The court admonished Cox that the normal sentencing range for the offense was 6 to 30

years, and the extended-term was 30 to 60 years. The court noted that a term of six years' imprisonment at 85% was "the lowest amount of time" Cox could receive. Cox confirmed he understood. He further confirmed his guilty plea was voluntary and no one had threatened or forced him to plead guilty. The defense stipulated the factual basis for the plea.

¶ 9    The trial court asked if Cox had any "additional background." The ASA stated that Cox had a 2004 "aggravated battery with a firearm" for which he received a seven year sentence. The State rested in aggravation. Consistent with the agreement, the trial court found great bodily harm and accepted Cox's guilty plea. The court sentenced Cox to the agreed term of 30 years imprisonment "mandatorily" served at 85%.

¶ 10    On May 2, 2022, Cox filed the *pro se* postconviction petition here. Cox alleged, in part, that his trial counsel rendered ineffective assistance because counsel failed to investigate Cox's background, which allowed the State to rely on an erroneous attempted murder conviction as an aggravating factor during plea negotiations. Cox claimed that on April 16, 2017, the "initial" ASA "agreed to a verbal tender" for Cox to plead guilty in exchange for a sentence "between 4 to 20 years at 50%." Cox asserted that when another ASA took over the case, she "renege[d]" on the verbal offer due to the erroneous prior conviction that appeared on Cox's criminal history.

¶ 11    Cox attached to his postconviction petition two printouts of his criminal history he received from the Illinois State Police. Cox claimed that the printout dated June 16, 2020, erroneously indicated a conviction of attempted murder in 2006 in circuit court case number 04 CR 28466. According to Cox, the printout dated September 22, 2021, corrected the erroneous attempted murder conviction to *nolle prosequi*.

¶ 12     Cox attached two pages from the circuit court's case docket sheets, indicating the court noted a "possible disposition" on April 6, 2017, and "parties in negotiation" on May 16, 2017. Cox set the latter date as when the parties "started negotiation." Cox also referred to the September 6, 2017 docket entry as the date "where tender was verbally agreed upon on a plea for 4 to 20 yrs at 50%." Cox asked for his sentence to be vacated, and the case remanded for resentencing.

¶ 13     On July 21, 2022, the circuit court summarily dismissed Cox's *pro se* postconviction petition. The court found that Cox failed to make the factual showing required to support his claim. The court stated that the record for case number 04 CR 28466 showed that Cox pleaded guilty to a charge of aggravated battery with a firearm and was sentenced to seven years' imprisonment. The record further revealed that the charges for attempted murder in that case were dismissed. The court noted that during sentencing at the plea hearing, the State mentioned the aggravated battery with a firearm conviction in aggravation and nothing about an attempted murder conviction because Cox was never convicted of attempted murder. The court found that Cox was "mistaken," concluding that Cox's claim was frivolous and patently without merit.

¶ 14                                    Analysis

¶ 15     On appeal, Cox contends the circuit court erred in summarily dismissing his postconviction petition because he raised an arguable claim that he was denied effective assistance of counsel during plea negotiations. Cox argues that counsel failed to investigate and correct an error on his criminal record, which indicated he had a prior conviction for attempted murder and that the error prejudiced him because it caused the State to rescind a more favorable plea offer. Cox claims an ASA made an initial verbal offer of "4-20 years at 50%." He asserts that when another ASA took over his case, she rescinded that offer because of the erroneous attempted murder conviction.

¶ 16    The Act provides a three-stage process for a petition asserting a substantial denial of federal or state constitutional rights. 725 ILCS 5/122-1 (West 2022); *People v. Knapp*, 2020 IL 124992, ¶ 43. We review first stage summary dismissal *de novo*. *People v. Hatter*, 2021 IL 125981, ¶ 22. Under this standard, the reviewing court makes its own independent assessment of the allegations and is " 'free to substitute its own judgment for that of the circuit court to formulate the legally correct answer.' " *People v. Edwards*, 197 Ill. 2d 239, 247 (2001) (quoting *People v. Coleman*, 183 Ill. 2d 366, 388 (1998)).

¶ 17    Claims of ineffective assistance of counsel are evaluated under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To support a claim of ineffective assistance of trial counsel, defendant must demonstrate that counsel's representation was deficient and, as a result, defendant suffered prejudice that deprived him or her of a fair proceeding. *Id.* at 687. Specifically, defendant must demonstrate (i) counsel's performance was objectively unreasonable and (ii) a reasonable probability that, but for counsel's deficient performance, the outcome would have been different. *People v. Veach*, 2017 IL 120649, ¶ 30. At the first stage, a lower pleading standard applies, and the petition may not be summarily dismissed if it is arguable that (i) counsel's performance fell below an objective standard of reasonableness and (ii) defendant was prejudiced. *People v. Tate*, 2012 IL 112214, ¶¶ 19-20.

¶ 18    Our supreme court has held that a postconviction petition may be summarily dismissed as frivolous or patently without merit only if it has "no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition lacks an arguable basis when it stems from fanciful factual allegations or an indisputably meritless legal theory, for instance, a theory the record

completely refutes. *Id.* At the summary dismissal stage, courts must take all well-plead allegations as true unless the record contradicts them. *Coleman*, 183 Ill. 2d at 381-82.

¶ 19    The record rebuts Cox's claim of an erroneous attempted murder conviction in his criminal history. The trial record of his fully negotiated guilty plea does not contain a copy of Cox's criminal history. Plus, Cox voluntarily waived his right to a presentence investigation, which would have included his criminal history.

¶ 20    In support of his claim, Cox attaches to his petition two printouts of his criminal history that he received from the Illinois State Police in 2020 and 2021. Cox's felony convictions are listed at the beginning of each document. Both show two felony convictions. The first conviction listed is from the current case. The second conviction is a 2006 conviction in case number 04 CR 28466, in which Cox was convicted of aggravated battery with a firearm and sentenced to seven years' imprisonment. Neither document shows a conviction for attempted murder.

¶ 21    Following the listed convictions, the reports detail the arrest data for each case. The reports list the initial charges, the charges approved by the State's Attorney's Office, and the counts on which Cox was indicted. Each count of the indictment indicates the disposition for that count.

¶ 22    Cox is correct that an erroneous disposition indication appears in his 2020 criminal history. In the list of indicted counts for case number 04 CR 28466, the report erroneously listed Count I, an attempted murder charge, three times with three different dispositions. The first disposition indicated "*nolle prosequi*," the second disposition indicated "guilty," and the third disposition indicated "warrant quashed." The entry with the "guilty" disposition did not include a sentence but indicated Cox was to receive 557 days of sentencing credit for time served. Under Count II of the

indicted charges, the report showed the aggravated battery with a firearm conviction with a guilty disposition and a sentence of seven years' imprisonment.

¶ 23    In the 2021 printout, the Illinois State Police corrected the erroneous disposition indications. The list of indicted counts for case number 04 CR 28466 showed Count I had been changed to aggravated battery with a firearm conviction with the guilty disposition, the seven-year sentence, and the 557 days of sentencing credit. Count II had been changed to the attempted murder count with the *nolle prosequi* disposition. The two entries showing the dispositions of "guilty" and "warrant quashed" for the attempted murder charge were deleted.

¶ 24    Although the 2020 printout included an extraneous and erroneous "guilty" disposition for the attempted murder charge, it did not indicate a prior conviction for attempted murder.

¶ 25    Moreover, the record belies Cox's claim. The report of proceedings from the plea hearing shows that when the trial court asked for "additional background," the ASA stated, Cox "from 2004 has an aggravated battery with a firearm where he received seven years in the Illinois Department of Corrections." Had Cox's criminal history shown, even erroneously, a prior conviction for attempted murder, it would have been disclosed at the plea hearing.

¶ 26    Where defendant's allegations lack an arguable basis in law or fact, the proper course is summary dismissal of the postconviction petition. *Hodges*, 234 Ill. 2d at 16.

¶ 27    Affirmed.