NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 241581-U

NO. 4-24-1581

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 8, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Jersey County |
| ASHLEY N. JONES, | ) | No. 22CF126 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Allison S. Lorton, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Doherty and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, holding the trial court did not err by summarily dismissing defendant's *pro se* postconviction petition upon finding it to be frivolous and patently without merit.

¶ 2    Defendant, Ashley N. Jones, entered an *Alford* plea to the charge of predatory criminal sexual assault of a child (see *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (an *Alford* plea is guilty plea where the defendant maintains his or her innocence)). The trial court sentenced her to 20 years' imprisonment. She subsequently filed a *pro se* postconviction petition, which was summarily dismissed at the first stage of postconviction proceedings. Defendant appeals the summary dismissal of her *pro se* postconviction petition, arguing that her petition set forth the gist of a constitutional claim that her counsel was ineffective for failing to review discovery with her prior to her *Alford* plea. We affirm.

¶ 3                        I. BACKGROUND

¶ 4          On July 11, 2022, defendant was charged with predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2022)) for an incident involving her 11-year-old daughter.

¶ 5          On September 12, 2023, defendant entered an *Alford* plea to the charge of predatory criminal sexual assault of a child. Defendant advised the trial court that she wanted to "keep [her] child *** from anything more she would have to do," and she did not want her child to have trauma. The court noted that the parties had held a conference pursuant to Illinois Supreme Court Rule 402(d) (eff. July 1, 2012), during which the court indicated that, based on the information before it, it would impose a sentence of 18 to 20 years' imprisonment if defendant entered an *Alford* plea. The court asked defendant if anyone had made any promises or threats to get her to enter an *Alford* plea and waive her right to a trial, and defendant stated that no one had done so.

¶ 6          As a factual basis for the plea, the State indicated that the victim would testify that when she was 11 years old, she was sexually assaulted by defendant and a man while she was visiting defendant at the man's residence. The State asserted the victim would have testified that defendant touched her breasts and vagina during the incident. Defendant agreed the State could produce such evidence if the matter went to trial, though she maintained her innocence. The trial court accepted defendant's *Alford* plea.

¶ 7          On October 2, 2023, defendant, *pro se*, filed a motion to withdraw her plea, alleging, *inter alia*, that she did not believe she had had "adequate representation." At a hearing on November 6, 2023, the trial court advised defendant that it would not consider any *pro se* motions she filed because she was represented by counsel. The court stated she could file a new motion to withdraw her plea after sentencing. On November 13, 2023, defendant requested that

her attorney be permitted to withdraw and that the court appoint new counsel because she believed her attorney's representation had been inadequate. The court declined to appoint new counsel. On November 14, 2023, the court sentenced defendant to 20 years' imprisonment.

¶ 8        On January 11, 2024, defendant filed a *pro se* motion to vacate her plea. The motion alleged, *inter alia*, that defendant was not adequately represented, as her attorney refused to discuss the case with her or show her a "motion of discovery." The trial court dismissed defendant's motion to vacate the plea on the basis that it was untimely.

¶ 9        On October 21, 2024, defendant filed a *pro se* postconviction petition. The portion of the petition detailing defendant's claims, in its entirety, stated:

> "I was inadequately represented, threatened into taking a plea deal, they refused to show me my motion of discovery or evidence, wouldn't let me fire my public defender, judge told me I couldn't fire my [public defender] or withdraw my guilty plea until after sentencing [and] that wasn't true. The state's attorney, public defender, [and] judge all threatened me [and] made me promises they didn't keep. They also threatened [and] coerced my daughter, [and] they used my innocence against me at sentencing [and] they weren't supposed to be able to do that. They violated my rights."

¶ 10        On November 4, 2024, the trial court entered a written order summarily dismissing the petition upon finding the petition to be frivolous and patently without merit.

¶ 11        This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13        On appeal, defendant argues that the trial court erred by summarily dismissing her *pro se* postconviction petition because it stated the gist of a constitutional claim that her plea

- 3 -

counsel was ineffective for failing to review discovery with her prior to her *Alford* plea. Defendant contends that the record supports her dissatisfaction with plea counsel, noting that she expressed a desire to withdraw her plea at her sentencing hearing and stated that counsel failed to discuss the charges and the evidence with her.

¶ 14 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)) permits persons under criminal sentences to assert that their convictions resulted from a substantial denial of their rights under the United States Constitution or Illinois Constitution. See *People v. Tate*, 2012 IL 112214, ¶ 8. There are three stages to a postconviction proceeding. *Id.* ¶ 9. At the first stage, the trial court independently reviews the postconviction petition and determines whether it is frivolous or patently without merit. *Id.*; 725 ILCS 5/122-2.1(a)(2) (West 2024). If the petition is not dismissed at the first stage, the court advances it to the second stage, where counsel may be appointed to represent an indigent defendant and the defendant has the burden of making a substantial showing of a constitutional violation. *People v. Domagala*, 2013 IL 113688, ¶ 33. If the defendant meets this burden, the matter is advanced to a third-stage evidentiary hearing. *Id.* ¶ 34.

¶ 15 At the first stage of postconviction proceedings, a petition "may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Tate*, 2012 IL 112214, ¶ 9. At this stage, the trial court "considers the petition's substantive virtue rather than its procedural compliance." *People v. Hommerson,* 2014 IL 115638, ¶ 11. "The allegations of the petition, taken as true and liberally construed, must present the gist of a constitutional claim." *People v. Hatter*, 2021 IL 125981, ¶ 24. "[T]o survive summary dismissal, a postconviction petition need present only a limited amount of detail and is not required to set forth a constitutional claim in its entirety." *People v. Brown*, 236 Ill. 2d 175,

- 4 -

188 (2010). Accordingly, "a *pro se* petitioner is not required to allege facts supporting all elements of a constitutional claim to survive summary dismissal." *Id.* While a petitioner need only provide a limited amount of detail at the first stage, the petitioner "is not excused *** from providing any factual detail at all surrounding the alleged constitutional violation." *Hatter*, 2021 IL 125981, ¶ 24.

¶ 16    "At the first stage of postconviction proceedings, a petition alleging ineffective assistance of counsel may not be summarily dismissed if (1) counsel's performance arguably fell below an objective standard of reasonableness and (2) the petitioner was arguably prejudiced by the deficient performance." *Id.* ¶ 25. To satisfy the deficient performance prong, "a defendant *** must overcome the strong presumption that any challenged action or inaction may have been the product of sound trial strategy." *People v. Dupree*, 2018 IL 122307, ¶ 44.

¶ 17    Where, as here, a defendant claims that counsel was ineffective during a guilty plea proceeding, to satisfy the prejudice prong, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Hatter*, 2021 IL 125981, ¶ 26. "When *** a claim involves a defendant's prospects for acquittal, the defendant must show that he would have been better off going to trial because he would have been acquitted or had a viable defense." (Internal quotation marks omitted.) *Id.* Accordingly, in such cases, our supreme court has required a claim of innocence or a plausible defense to establish prejudice. *Id.*

¶ 18    We review a first-stage summary dismissal of a postconviction petition *de novo*. *Id.* ¶ 24.

¶ 19    Here, we find the factual allegations in the *pro se* postconviction petition failed to state an arguable claim of ineffective assistance of plea counsel. Defendant alleged in her *pro se*

postconviction petition that her counsel "refused to show [her a] motion of discovery or evidence." Citing the First District's decision in *People v. Smith*, 268 Ill. App. 3d. 574, 578-79 (1994), defendant claims that an attorney's failure to provide a defendant with discovery materials can be unreasonable conduct.

¶ 20        However, this court has expressly declined to follow *Smith* and has held that "trial counsel's decision whether to provide his client with discovery materials constitutes a matter of trial strategy and judgment that ultimately lies within counsel's discretion." *People v. Davison,* 292 Ill. App. 3d 981, 988-89 (1997). This court has also stated that "a trial court properly dismisses a postconviction petition at the first stage when a defendant's ineffective-assistance-of-counsel claim is based on counsel's failure to provide the defendant with discovery materials." *People v. James*, 362 Ill. App. 3d 250, 257 (2005). This is because "matters of trial strategy are generally immune from claims of ineffective assistance of counsel." *Dupree*, 2018 IL 122307, ¶ 44.

¶ 21        Defendant argues, citing *People v. Peacock*, 359 Ill. App. 3d 326, 339-40 (2005), that *Davison* is inapplicable because even a strategic decision can constitute ineffective assistance of counsel if it was unreasonable. She further contends that counsel's decision not to show her discovery materials in this case was unreasonable because "the facts contained in the discovery may have included [the victim's] reluctance to testify."

¶ 22        Defendant is correct that the presumption of sound trial strategy may be overcome in some circumstances. See *People v. King*, 316 Ill. App. 3d 901, 916 (2000) ("A defendant can overcome the strong presumption that defense counsel's choice of strategy was *sound* if counsel's decision appears so irrational and unreasonable that no reasonably effective defense attorney, facing similar circumstances, would pursue such a strategy." (Emphasis in original.))

However, defendant's mere speculation as to what might have been contained in the discovery materials counsel allegedly failed to show her is insufficient to arguably overcome the presumption that her counsel's decision was the product of sound trial strategy. Accordingly, pursuant to *Davison*, we find the allegations in defendant's *pro se* postconviction petition failed to show that her counsel's performance was arguably deficient.

¶ 23 We also find the allegations in defendant's *pro se* postconviction petition were insufficient to show that she was arguably prejudiced by her counsel's alleged failure to show her discovery materials. In her postconviction petition, defendant failed to identify any discovery materials counsel failed to show her that would have caused her to insist on going to trial if she had known about them at the time of her plea. While defendant suggests in her brief that it "could have been disclosed by discovery" that the victim was coerced by the prosecution, her *pro se* postconviction petition did not allege that such information might have been disclosed in discovery. Even if the petition had contained such an allegation, speculation as to what evidence might have been disclosed in discovery is insufficient to establish arguable prejudice. See *People v. Garcia*, 2024 IL App (1st) 230325-U, ¶ 46 ("[A]llegations of prejudice based on speculation are insufficient even when a petition is at the first stage of proceedings under the Act.").

¶ 24                                    III. CONCLUSION

¶ 25          For the reasons stated, we affirm the trial court's judgment.

¶ 26          Affirmed.