NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250524-U

NO. 4-25-0524

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 16, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| DANNY L. RANDALL JR., | ) | No. 21CF484 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Steigmann and Justice Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court granted appellate counsel's motion to withdraw and affirmed, finding the trial court did not err when summarily dismissing defendant's *pro se* postconviction petition.

¶ 2       In March 2023, following a stipulated bench trial, defendant, Danny L. Randall Jr., was convicted of (1) being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2020)), (2) armed violence (*id.* § 33A-2(a)), and (3) possession with the intent to deliver a controlled substance (720 ILCS 570/401(a)(2)(B) (West 2020)). In February 2025, he filed a postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)) that was dismissed. Defendant appealed, and the Office of the State Appellate Defender (OSAD) was appointed to represent him on appeal. OSAD moves to withdraw as counsel for defendant, contending the potential issues in this appeal would be meritless. We agree, grant OSAD's motion, and affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4          In March 2023, following a stipulated bench trial, defendant was found guilty of (1) being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2020)), (2) armed violence (*id.* § 33A-2(a)), and (3) possession with intent to deliver a controlled substance (720 ILCS 570/401(a)(2)(B) (West 2020)). He was subsequently sentenced to 30 years' imprisonment for each conviction, to be served concurrently.

¶ 5          Prior to the stipulated bench trial, defendant had filed a motion to suppress evidence from his arrest. Following a hearing, the trial court found defendant had consented to the search of his vehicle.

¶ 6          Following his conviction, defendant filed a direct appeal challenging the trial court's denial of his motion to suppress. *People v. Randall*, 2024 IL App (4th) 230207-U. On appeal, he argued

> "his fourth amendment rights [(U.S. Const., amend. IV)] were
>
> violated when police officers performed a warrantless and
>
> suspicionless search of his person and vehicle without his consent
>
> because he was, in fact, not on parole. Alternatively, [he] argue[d]
>
> the trial court erred in (1) finding [he] had consented to the search
>
> of his vehicle and (2) applying the good-faith exception because
>
> law enforcement was at fault by failing to confirm [he] was still on
>
> parole." *Id.* ¶ 22.

¶ 7          Regarding defendant's primary claim, this court noted he was not on parole at the time of the search of his person and vehicle. *Id.* ¶ 27. We found the attending police officers simply asked defendant if he was on parole and did not falsely claim to have the authority to

search his vehicle because he was on parole. *Id.* We subsequently concluded the evidence did not show officers coerced him into searching his person or vehicle based upon his parole status. *Id.* Regarding defendant's alternative claim, we found the totality of the evidence and circumstances supported the trial court's findings the police officers' testimonies were more credible than defendant's and that he had consented to the search of his person and vehicle. *Id.* ¶¶ 29-30. We affirmed the trial court's denial of defendant's motion to suppress. *Id.* ¶ 32.

¶ 8 Defendant sought petition for leave to appeal to the Illinois Supreme Court, which was denied. *People v. Randall*, No. 130589 (May 29, 2024).

¶ 9 In February 2025, defendant filed a *pro se* postconviction petition. In his petition, he put forth two arguments:

"I. Trial Counsel and Appellate counsel rendered ineffective assistance under the Federal and State Constitutions when trial counsel on post-trial, and appellate counsel on appeal failed to argue abuse of discretion and plain error by the trial court when the Judge denied the petitioner's motion to suppress evidence that was Illegally obtained From an Unlawful search from officers in violation of the petitioner's Fourth Amendment rights. Because he was not on parole and did not give Voluntary consent to search his car or his person.

II. The trial court abused it's discretion and committed plain error when the Judge denied the petitioner's motion to suppress evidence that was [illegally] obtained from an unlawful Search from officers in violation of the petitioner's Fourth

Amendment rights. Because he was not on parole and did not give

a Voluntary consent to search his car or his person."

¶ 10　　　　In May 2025, the trial court dismissed the petition stating counsel's "failure to argue a standard of review which defendant perceives as more to his liking, but is incorrect, cannot be said to be deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984)."

¶ 11　　　　This appeal followed.

¶ 12　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　　　On appeal, OSAD has moved to withdraw as counsel for defendant, contending any appeal in this case would be frivolous and patently without merit. OSAD sent a copy of its motion to withdraw to defendant. Defendant filed a response.

¶ 14　　　　In OSAD's motion to withdraw, it notes six potential issues for review: (1) whether defendant's petition was timely filed; (2) whether the summary dismissal order was timely entered; (3) whether the petition adequately alleged the gist of a constitutional claim; (4) whether the petition was adequately supported by the necessary affidavits or other documentation; (5) whether *res judicata* applies to the claims not needing verification or documentation; and (6) whether the petition that trial counsel filed failed to develop a record on the issues. Counsel concluded the record does not support a basis for the issues reviewed and has requested to withdraw.

¶ 15　　　　Defendant's response to counsel's motion to withdraw contends his *pro se* petition satisfactorily alleged the gist of a constitutional claim that warrants second-stage consideration where counsel would be appointed to amend the petition's allegations into proper form.

¶ 16       "The [Act] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12. A postconviction petition must clearly set forth the ways in which a defendant claims his constitutional rights were violated. 725 ILCS 5/122-2 (West 2024). "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *Id.*

¶ 17       "The Act provides a three-stage process for the adjudication of postconviction petitions." *Buffer*, 2019 IL 122327, ¶ 45. "At the first stage, the [trial] court reviews the petition independently within 90 days after it is filed and docketed." *People v. Hatter*, 2021 IL 125981, ¶ 22. The threshold to survive summary dismissal at the first stage is low, and a petition should only be summarily dismissed "if it is 'frivolous or is patently without merit.' " *Id.* ¶ 23 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2016)). "A postconviction petition is frivolous and patently without merit if it has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *Id.* "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or fanciful factual allegation." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). "An example of an indisputably meritless legal theory is one which is completely contracted by the record." *Id.*

¶ 18       "The allegations of the petition, taken as true and liberally construed, must present the gist of a constitutional claim." *Hatter*, 2021 IL 125981, ¶ 24. "To set forth the gist of a constitutional claim, the post-conviction petition need only present a limited amount of detail [citation] and hence need not set forth the claim in its entirety." (Internal quotation marks omitted.) *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To raise the gist of a constitutional

- 5 -

claim, the petition "need not present formal legal arguments or citations to legal authority." *Hatter*, 2021 IL 125981, ¶ 24. We review the summary dismissal of a postconviction petition at the first stage *de novo*. *Id.*

¶ 19     We agree with counsel and conclude defendant's petition is frivolous and patently without merit. Both of defendant's contentions within his petition ultimately rely on his dispute that he voluntarily consented to the search of his person and vehicle. This issue was squarely decided in his direct appeal. "The doctrine of *res judicata* provides that when a court of competent jurisdiction renders a final judgment on the merits of a claim, the court's judgment is conclusive of the rights of the parties and operates as a bar to future litigation of the same claim." *People v. Croft*, 2018 IL App (1st) 150043, ¶ 16 (citing *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001)). *Res judicata* is a proper basis for a trial court to summarily dismiss a postconviction petition at the first stage. *People v. Blair*, 215 Ill. 2d 427, 445 (2005) ("[W]here *res judicata* and forfeiture preclude a defendant from obtaining relief, such a claim is necessarily 'frivolous' or 'patently without merit.' "). To the extent defendant seeks to relitigate the issue of voluntary consent, the matter is barred by *res judicata*. "Simply stated, *res judicata* does not permit 'a do-over of the first action.' " *Deutsche Bank National Trust Co. v. Bodzianowski*, 2016 IL App (3d) 150632, ¶ 22 (quoting *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 28).

¶ 20     Defendant attempts to relitigate the issue of whether he voluntarily consented to the search of his person and vehicle by arguing (1) both his trial counsel and appellate counsel were ineffective for failing to argue abuse of discretion and plain error by the trial court in denying his motion to suppress and (2) the court abused its discretion or committed plain error when denying his motion to suppress. To be clear, the mode by which defendant seeks to

relitigate the voluntariness of his consent is incorrect. First, abuse of discretion is a standard of review and, at that, "the most deferential standard" of review to the trial court. *People v. Morgan*, 2025 IL 130626, ¶ 23. There is no conceivable reason to believe a more deferential standard of review would have brought about a different outcome in this case. Second, the plain-error doctrine simply permits the appellate courts—subject to certain conditions—the ability to review forfeited claims on appeal. *People v. Coats*, 2018 IL 121926, ¶ 9. Here, defendant did not forfeit his voluntary consent claim—it was the sole subject of his direct appeal. Accordingly, there is no legal basis to think plain error would have brought about a different outcome in this case.

¶ 21 "A claim of ineffective assistance of counsel is evaluated under the two-prong test set forth in *Strickland*." *People v. Henderson*, 2013 IL 114040, ¶ 11. "Under this test, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A defendant's failure to establish either prong of the *Strickland* test precludes a finding of ineffective assistance of counsel." *Id.* Had defendant's trial counsel or appellate counsel argued the trial court abused its discretion or plain error occurred, the result of the proceedings would not have been different. Thus, defendant cannot show prejudice and, therefore, he cannot show counsel (both trial and appellate) were ineffective.

¶ 22                                     III. CONCLUSION

¶ 23 For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 24 Affirmed.