NOTICE

Decision filed 06/18/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241105-U

NO. 5-24-1105

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 20-CF-456 |
| | ) | |
| LaSHAWN RUSSELL, | ) | Honorable |
| | ) | Michael A. Fiello, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice McHaney and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in determining that the defendant's postconviction claims were frivolous and patently without merit, thus warranting summary dismissal of his postconviction petition. As any argument to the contrary would be meritless, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, LaShawn Russell, pled guilty to armed robbery in exchange for a sentence of 24 years' imprisonment and 3 years of mandatory supervised release, to be served at 50%. He appeals the dismissal of his postconviction petition. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), concluded this appeal lacks substantial merit and filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support of that motion.

1

¶ 3　　The defendant has filed a *pro se* response explaining why he believes OSAD should not be allowed to withdraw as counsel, and why this appeal has merit. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, the defendant's response, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4　　　　　　　　　　　　　　I. BACKGROUND

¶ 5　　The State charged the defendant by information with armed robbery, unlawful possession of a weapon by a felon, unlawful possession of a stolen firearm, unlawful possession of methamphetamine, and being an armed habitual criminal stemming from an incident in which he walked into a liquor and tobacco store and stole the contents of the cash register at gunpoint. The State indicated in the charging instrument that the defendant was eligible for a firearm enhancement and extended-term sentencing.

¶ 6　　On April 22, 2021, the defendant pled guilty to the armed robbery count at a plea hearing that took place over Zoom. He orally confirmed that he consented to the virtual hearing and that no one had threatened or forced him into doing so. He also identified his signature on a consent form he had signed to appear in court over video or teleconferencing.

¶ 7　　The State explained that the defendant's plea was fully negotiated in exchange for a sentence of 24 years' imprisonment and 3 years' mandatory supervised release, to be served at 50%. Specifically, the defendant would receive 9 years for the armed robbery, plus 15 years for the firearm enhancement. The defendant stated that he understood the agreement and had no questions or confusion about it, and that he wanted the court to accept his plea.

¶ 8　　The circuit court admonished the defendant pursuant to Rule 402 (Ill. S. Ct. R. 402 (eff. July 1, 2012)), and the defendant confirmed that he understood. The State provided the factual

2

basis for the plea and listed the defendant's criminal history, which included applicable prison sentences. Defense counsel stated that it waived the presentence investigation (PSI), and asked for drug rehabilitation services for the defendant while incarcerated. The State had no objections. The court asked the defendant whether he had any questions, and he answered in the negative. The court then accepted the plea and informed the defendant of his appeal rights pursuant to Rule 605(c). Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 9      The defendant filed a timely *pro se* motion to reconsider sentence on May 4, 2021, arguing that he received an improper double enhancement. The circuit court denied the motion. In May of 2022 and December of 2023, the defendant sent two letters to the court, stating that he had felt coerced into taking the negotiated plea and would like to litigate this issue, and that he never received a copy of his transcripts. He also alleged that he had initially received a verbal offer of a plea of 21 years (6 years for armed robbery and 15 for the firearm enhancement), which was communicated to him by his first appointed counsel, who represented him between January 5 and 19, 2021. However, when a different attorney took over, the final offer was 24 years.

¶ 10      The defendant further alleged that he told his attorney that the 15-year firearm enhancement was unconstitutional, and his attorney's response was that they could go to trial. The defendant did not want to go to trial, so he "pleaded out to the 9 years for armed robbery [and] 15 years for the add on." However, he contended that when he received the plea documents, "they all said 24 years with no mention of the add on."

¶ 11      The circuit court responded to the May 2022 letter with a docket order stating that these requests were outside the 30-day time period for motions and appeal, and nothing was pending, so the file would remain closed. In an order responding to the December 2023 letter, the circuit court

stated that it had reviewed the file and noted that the order to prepare transcripts from May 11, 2022, was not complied with, so it contacted the court reporter to prepare transcripts.

¶ 12    On March 8, 2024, the defendant filed a *pro se* motion to reconsider sentence, as well as a *pro se* motion for resentencing. He argued that he accepted the plea agreement because his attorney told him that it was the best he could hope for; however, he was prosecuted under a statute that was unconstitutional and void *ab initio*. He further stated that while it was not his intention "to challenge the validity of the negotiated plea," he felt coerced into it, and he pled guilty to an offense that was based on an unconstitutional statute. The defendant also noted that he had been participating in various therapeutic and educational programs while incarcerated and had not received any disciplinary action throughout this time.

¶ 13    The circuit court dismissed both motions. It stated that the statutory authority the defendant cited for his motion to reduce sentence did not contain a provision granting a defendant the right to file such motion. 730 ILCS 5/5-4.5-110(d)(2)(H) (West 2022). He cited the same statute in his motion to resentence, and the circuit court again stated that this statute did not create a right for him to file a motion for resentencing. *Id.* The defendant relied on a second statute in this motion, which the circuit court explained authorized the state's attorney to file a motion for resentencing under certain circumstances, but did not authorize a defendant to do so. 725 ILCS 5/122-9 (West 2022).

¶ 14    The defendant filed a *pro se* postconviction petition on July 24, 2024, raising three issues. He argued that the circuit court erred by sentencing him without a PSI, and that the court's acceptance of his plea without a PSI was a violation of his due process rights and section 5-3-1 of the Unified Code of Corrections (730 ILCS 5/5-3-1 (West 2022)). He also argued that he received ineffective assistance of counsel during plea negotiations and when his attorney waived the PSI.

4

The defendant asked the circuit court to vacate his sentence, order a PSI, and impose a new, reduced sentence.

¶ 15    On September 6, 2024, the circuit court dismissed his petition as frivolous and patently without merit. The court explained that the proceedings "met all the requirements for the imposition of a sentence for a felony conviction without the necessity of a presentence investigation"; however, had they not, a claim premised on section 5-3-1 of the Unified Code of Corrections alleged a violation of a state statute. The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) only permitted claims asserting the violation of a state or federal constitutional right. Regarding the defendant's claim of ineffective assistance of counsel, the circuit court wrote that a PSI was waivable, and furthermore, it was unnecessary where the parties had already agreed to an appropriate sentence under the fully negotiated plea agreement. The circuit court concluded that the defendant failed to allege how the outcome of his case would have been any different had a PSI been ordered.

¶ 16    The defendant filed a timely notice of appeal, and OSAD was appointed to represent him. OSAD now moves to withdraw as appellate counsel.

¶ 17                                    II. ANALYSIS

¶ 18    OSAD argues that dismissal of the petition was proper, and there are no meritorious arguments to the contrary. In the memorandum supporting its *Finley* motion to withdraw as counsel, OSAD states that it considered raising two potential issues on appeal:

> (1) Whether any claims raised in the defendant's *pro se* postconviction petition have an arguable basis in law or fact; and

> (2) Whether the circuit court complied with procedural requirements when summarily dismissing the defendant's petition.

5

OSAD has determined that these issues would be without arguable merit, and the court's judgment was therefore proper. As we agree with counsel's assessment, we grant OSAD leave to withdraw.

¶ 19                                    A. The Postconviction Petition

¶ 20    The Post-Conviction Hearing Act (Act) provides a statutory remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. *People v. Taliani*, 2021 IL 125891, ¶ 53; *People v. Edwards*, 2012 IL 111711, ¶ 21; 725 ILCS 5/122-1 *et seq.* (West 2022). A proceeding under the Act is a collateral proceeding, not an appeal from the judgment of conviction. *People v. English*, 2013 IL 112890, ¶ 21. The Act provides for three stages of postconviction proceedings. *People v. Cotto*, 2016 IL 119006, ¶ 26. We review the circuit court's dismissal of a postconviction petition at the first of these stages *de novo*. *Id.* ¶ 24.

¶ 21    At the first stage, relevant here, the circuit court determines whether the petition "is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2022); *Cotto*, 2016 IL 119006, ¶ 26. A postconviction petition is "frivolous or patently without merit if it 'has no arguable basis either in law or in fact.' " *People v. Hatter*, 2021 IL 125981, ¶ 23 (quoting *People v. Hodges*, 234 Ill. 2d 1, 16 (2009)). At this stage, the standard for surviving summary dismissal is low, and the petitioner is only required to allege an arguable basis in law and fact for his claims. *Id.* ¶ 20.

¶ 22    While he need not set forth a complete and detailed factual basis for his claims, he is not excused from providing " ' "some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent." ' " *People v. Williams*, 2024 IL 127304, ¶ 16 (quoting *Hodges*, 234 Ill. 2d at 10, quoting *People v. Delton*, 227 Ill. 2d 247, 254-55 (2008)). Furthermore, the Act states that a postconviction petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2022).

6

¶ 23                     i. *Defendant's Postconviction Claims*

¶ 24    The Unified Code of Corrections states, in pertinent part:

> "A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.
>
> *However*, other than for felony sex offenders being considered for probation, *the court need not order a presentence report of investigation* where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment." (Emphases added.) 730 ILCS 5/5-3-1 (West 2022).

¶ 25    In the present matter, the defendant entered a fully negotiated plea of guilty to armed robbery, in exchange for the State's agreement to a sentence of 24 years' imprisonment and dismissal of the remaining charges. At the plea hearing, the circuit court asked the defendant whether this was his understanding of the terms of the plea agreement, and whether he was asking the court to accept it. The defendant responded, "Yes, it is." He also told the circuit court that he did not have any questions or confusion about his plea. As the circuit court explained in its dismissal of the defendant's postconviction petition, the purpose of a PSI is to provide the court with information that would assist it in determining an appropriate sentence in light of the particular circumstances of the case. As the sentence had already been agreed upon by the parties, a PSI was not necessary in this case.

¶ 26    The State provided the circuit court with a factual basis, and then recited the defendant's criminal history. This included his prior felony convictions and the sentencing information for

each one. The State also added that the defendant had "other driving offenses, drug-related misdemeanor and civil law violations over the years." Following this, the circuit court asked defense counsel whether he had anything to add. Counsel responded that the defendant waived the PSI and asked that the mittimus be drafted to indicate that the defendant should receive drug rehabilitation services. Thus, we find that the proper conditions were met to render the PSI unnecessary—both parties agreed to a specific sentence, and the circuit court made a finding for the record regarding the defendant's criminal history and previous sentences. See 730 ILCS 5/5-3-1 (West 2022). Any argument regarding the circuit court's failure to order a PSI or defense counsel's waiver of the PSI would be without merit.

¶ 27    The defendant also alleged that his attorney provided ineffective assistance of counsel by telling him that he would be charged under the Class X sentencing guidelines because he "did not have any criminal conviction of two Class 2 felony [*sic*] or greater within the last 10 years." Claims of ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Domagala*, 2013 IL 113688, ¶ 36 (citing *People v. Albanese*, 104 Ill. 2d 504 (1984) (adopting *Strickland*)).

¶ 28    To prevail on an ineffective assistance claim, the "defendant must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced the defendant." (Emphasis added.) *Id.* (citing *Strickland*, 466 U.S. at 687). More specifically, he must show "that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland*, 466 U.S. at 694). Additionally, he must "overcome the strong presumption that the challenged action or inaction may have been

8

the product of sound trial strategy," as "[m]atters of trial strategy are generally immune from claims of ineffective assistance of counsel." *People v. Smith*, 195 Ill. 2d 179, 188 (2000).

¶ 29    Here, the defendant did not explain in his petition how counsel's alleged error caused him prejudice. Nor is there any support in the record for any argument that the outcome of his case would have been different but for counsel's alleged statement to the defendant. Furthermore, the defendant does not claim that he would not have entered into the plea agreement and would have instead gone to trial. See *People v. Manning*, 227 Ill. 2d 403, 418 (2008) (in plea proceedings, defendant must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial).

¶ 30    Lastly, OSAD notes that the sentence to which the defendant agreed by pleading guilty to armed robbery was within the range prescribed by statute. He was charged under section 18-2(a)(2) of the Criminal Code of 2012 (720 ILCS 5/18-2(a)(2) (West 2020)), which is "a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court." *Id.* § 18-2(b). The defendant was sentenced to a prison term of 9 years plus 15 years for the firearm enhancement, for a total of 24 years. See 730 ILCS 5/5-4.5-25(a) (West 2022) (the sentencing range for a Class X felony "shall be *** not less than 6 years and not more than 30 years"). Therefore, a potential ineffective assistance claim based on defense counsel's advising the defendant regarding sentencing during plea negotiations would further lack merit given that the defendant's sentence is presumed to be reasonable. See *People v. Hamilton*, 361 Ill. App. 3d 836, 846 (2005) (sentence within the statutory range is presumed to be proper).

¶ 31                    ii. *Defendant's Response to OSAD's Motion*

¶ 32    In response to OSAD's motion to withdraw as counsel, the defendant largely restates the claims in his petition regarding the circuit court's failure to order a PSI and ineffective assistance

9

of counsel during plea negotiations and for waiving a PSI. His only new allegation is that his attorney, the court, and the State were all aware that he was suffering from alcoholism and substance abuse disorder when he agreed to the plea deal, and defense counsel provided ineffective assistance by failing to request a fitness hearing. He further argues that his plea was invalid because his health conditions prevented him from comprehending the plea proceedings, and the court therefore needed a PSI to determine an appropriate sentence in lieu of the one in the plea agreement.

¶ 33    In discussing a defendant's assertion of ineffective assistance of counsel for failing to request a fitness hearing, our supreme court has explained that:

> "To establish that the failure to request a fitness hearing prejudiced a defendant within the meaning of *Strickland*, a defendant must show that facts existed at the time of trial that would have raised a *bona fide* doubt of his ability 'to understand the nature and purpose of the proceedings against him or to assist in his defense.' [Citations.]" *People v. Harris*, 206 Ill. 2d 293, 304 (2002).

The defendant is entitled to relief "only if he shows that the trial court would have found a *bona fide* doubt of his fitness and ordered a fitness hearing if it had been apprised of the evidence now offered." (Internal quotation marks omitted.) *Id.*

¶ 34    As an initial matter, we note that the defendant did not include this fitness issue in his postconviction petition, and cannot raise it for the first time on appeal. *People v. Jones*, 213 Ill. 2d 498, 508 (2004). Nevertheless, we find that the record contradicts any argument that defense counsel was ineffective for failing to request a fitness hearing. There are no facts supporting the existence of a *bona fide* doubt as to the defendant's fitness during plea negotiations and/or the plea

10

hearing. The defendant merely alleges that he suffered from the two aforementioned illnesses at the time of the plea, without stating why he was unable to understand the plea proceedings.

¶ 35    Evidence of a defendant's mental impairment, including medical records establishing that he suffers from a mental illness, is not sufficient to raise a *bona fide* doubt that he was unfit to stand trial. *People v. Weeks*, 393 Ill. App. 3d 1004, 1012 (2009). The relevant inquiry is not one of mental illness, but whether the defendant could understand the proceedings against him and assist in his defense. *Id.* Here, the defendant told the court that he understood and agreed to the terms of the plea, and that he had no questions or confusion about the matter. The court gave him an additional opportunity to raise any questions or issues before accepting the plea, and he responded that he had none. Therefore, we conclude that any claim regarding his lack of fitness during plea proceedings lacks merit.

¶ 36                                B. Dismissal of the Petition

¶ 37    The Act requires the court to examine a postconviction petition within 90 days after it is filed and docketed. 725 ILCS 5/122-2.1(a) (West 2022). If the court determines that it is frivolous or patently without merit, "it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." *Id.* § 122-2.1(a)(2). In the present matter, the defendant's petition was filed on July 24, 2024, and the circuit court summarily dismissed it on September 6, 2024, well before the 90-day deadline. The court dismissed the petition via written order, which included the findings of fact and conclusions of law upon which the court based its decision. Therefore, we conclude that the circuit court properly adhered to the Act's procedural requirements in dismissing the petition. We further find that any argument to the contrary would lack merit.

¶ 38                                III. CONCLUSION

¶ 39     As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and

affirm the circuit court's judgment.

¶ 40     Motion granted; judgment affirmed.