NOTICE
Decision filed 10/30/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230190-U

NO. 5-23-0190

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 10-CF-324 |
| | ) | |
| JAMES E. HOUSTON, | ) | Honorable |
| | ) | Cord Z. Wittig, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Barberis and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court properly dismissed the defendant's *pro se* postconviction petition at the first stage of postconviction proceedings because the defendant failed to include any allegations of prejudice in his claim of ineffective assistance of trial counsel.

¶ 2    The defendant, James E. Houston, filed a *pro se* postconviction petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)), seeking relief from his convictions of attempted first degree murder, aggravated domestic battery, and aggravated battery of a child. Before the defendant filed his postconviction petition, this court had reviewed two previous appeals by the defendant. The defendant first appealed the circuit court's denial of his *pro se* posttrial motion that alleged ineffective assistance of counsel. This court remanded the case for a preliminary inquiry into the defendant's claims of ineffective assistance of counsel. After the case was remanded, the circuit court conducted a preliminary inquiry and denied the defendant's

1

*pro se* posttrial claim of ineffective assistance. The defendant subsequently appealed, and this court affirmed the circuit court's order. In his postconviction petition, the defendant again claimed that his trial counsel provided ineffective assistance. After reviewing the defendant's postconviction petition and its file, the circuit court summarily dismissed the defendant's postconviction petition as frivolous and patently without merit. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     On the previous appeal, this court set forth all relevant facts in this case. See *People v. Houston*, 2021 IL App (5th) 190238-U. Accordingly, we recite only those facts necessary for this disposition.

¶ 5     Following a jury trial, the defendant was convicted of attempted first degree murder, aggravated domestic battery, and aggravated battery of a child, for which he was sentenced to prison terms of 18 years, 7 years, and 5 years, respectively. He was also convicted of two counts of criminal damage to property and two counts of endangering the health of a child and sentenced to 364 days' incarceration on each. All sentences were to be served concurrently. Defense counsel filed motions for a new trial and to reduce sentence. The defendant filed a *pro se* posttrial motion labeled "Motion for Judgement," which alleged, *inter alia*, that defense counsel had rendered ineffective assistance of counsel by refusing to accept calls from the defendant and his mother. The circuit court denied the motion by docket entry without commenting on the defendant's allegations of ineffective assistance of counsel. The defendant appealed the circuit court's order that denied his motion. On appeal, this court vacated the circuit court's order and remanded the case to conduct a preliminary *Krankel*[1] inquiry into the facts and circumstances surrounding the

---

[1]*People v. Krankel*, 102 Ill. 2d 181 (1984).

defendant's allegations. *People v. Houston*, No. 5-16-0521 (2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6    On remand, the court conducted the preliminary inquiry into the defendant's claims of ineffective assistance of counsel. During the hearing, the defendant informed the court that he did not include all his claims in the "Motion for Judgement." The court allowed the defendant to orally supplement his motion. In response, the defendant asserted that trial counsel was ineffective for several reasons in addition to the claim made in the "Motion for Judgement." After the hearing, the circuit court found that the defendant's claims of ineffective assistance lacked merit and denied the defendant's motion. The defendant subsequently filed an appeal.

¶ 7    On appeal, the defendant contended that the circuit court erred and should have appointed him new counsel following the preliminary *Krankel* inquiry. Specifically, the defendant argued that he proved that trial counsel possibly neglected the defendant's case by failing to investigate the defendant's ingestion of alcohol and his medication on the date of the offense as a basis for a potential defense or explanation of the defendant's mental state. This court found the defendant's claim was meritless and the record did not show that trial counsel neglected the defendant's case as to that claim and affirmed the circuit court's order. *Houston*, 2021 IL App (5th) 190238-U, ¶¶ 20-21.

¶ 8    Following this court's order, the defendant filed a *pro se* postconviction petition. In his petition, the defendant raised a single claim which stated, in its entirety, "Self-incrimination rights—During sentencing, public defender, Nathan Rowland stated defendant's guilt when defendant/petitioner had claimed actual innocence throughout." In support, the defendant attached four pages of the sentencing hearing transcript with two passages underlined. In the first passage, trial counsel stated that the defendant had informed the probation office that mixing alcohol with

his medication caused "a Dr. Jekyll and Mr. Hyde type situation. And I think that based upon the evidence at trial we have that situation present in this case." The defendant also underlined a statement made by trial counsel during argument that the defendant "didn't continue to make threats or incur other damage to this family." In addition to the statements made by his trial counsel, the defendant underlined his statement in allocution.

¶ 9 After the circuit court's review of the defendant's *pro se* postconviction petition, and transcripts from the sentencing hearing, it summarily dismissed the defendant's petition. In its docket entry, the court stated that the transcript of the sentencing hearing does not support the defendant's contentions, and the defendant failed to clearly allege how his constitutional rights were violated. The court found that the defendant's petition was frivolous and was patently without merit. This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11 The defendant contends that the circuit court erred in summarily dismissing his *pro se* postconviction petition, which alleges ineffective assistance of counsel. The Post-Conviction Hearing Act provides a three-stage process for a defendant to assert that he suffered a substantial denial of his constitutional rights during the proceedings that resulted in his conviction. 725 ILCS 5/122-1(a)(1), 122-2.1(a), (b) (West 2022). In this case, the trial court dismissed defendant's petition at the first stage. At the first stage, the trial court must dismiss the petition if it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2022). A petition is frivolous or patently without merit if it has no arguable basis in law or in fact, which means that the claim is based on an "indisputably meritless legal theory or a fanciful factual allegation." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). However, a petition need only state the "gist" of a constitutional claim to survive first-stage scrutiny. *Hodges*, 234 Ill. 2d at 9. At the first stage, courts must construe

4

petitions liberally and take petitioners' allegations as true. *People v. Allen*, 2015 IL 113135, ¶ 25. We review the first-stage dismissal of a postconviction petition *de novo* (*People v. Hatter*, 2021 IL 125981, ¶ 24), meaning that we perform the same analysis as the circuit court (*People v. Carlisle*, 2019 IL App (1st) 162259, ¶ 68). During our review, we may affirm the circuit court on any basis found in the record. *Carlisle*, 2019 IL App (1st) 162259, ¶ 69.

¶ 12   To determine whether defendant's postconviction petition was frivolous or patently without merit, we must address his ineffective assistance of counsel claim. A claim of ineffective assistance of counsel is evaluated under a test established in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to survive summary dismissal at the first stage of postconviction proceedings, the defendant must show that his counsel's performance fell below an objective standard of reasonableness, and that but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 687. A defendant must satisfy both prongs of the *Strickland* test or the claim must fail. *Strickland*, 466 U.S. at 697.

¶ 13   Ineffective assistance of counsel claims should be reviewed on direct appeal unless "the record is incomplete or inadequate for resolving the claim." *People v. Veach*, 2017 IL 120649, ¶ 46. If a defendant does not raise his ineffective assistance claim on direct appeal and the claim is apparent on the record, the defendant risks forfeiture. See *People v. Kokoraleis*, 159 Ill. 2d 325, 328 (1994).

¶ 14   The defendant maintains that his petition presented the gist of a constitutional claim for ineffective assistance of his trial counsel during the sentencing hearing. The opportunity to address trial counsel's performance was during the preliminary *Krankel* hearing and the subsequent appeal. The defendant raised several claims of ineffective assistance of trial counsel, but did not raise the

5

claim for which he has brought this appeal. The defendant's current claim is based on statements that his trial counsel made during his sentencing hearing, which are provided by the record. The defendant had knowledge of his trial counsel's statements, and the transcript of the sentencing hearing was available during the preliminary *Krankel* hearing and the appeal that followed. Therefore, we find that the defendant has forfeited review of his contention. Nevertheless, since forfeiture is a limitation on the parties and not the court, we will overlook the defendant's forfeiture and consider his contention on the merits. See *People v. Sophanavong*, 2020 IL 124337, ¶ 21.

¶ 15     We now turn to the defendant's argument on the merits. The defendant claims that trial counsel was ineffective for conceding the defendant's guilt despite the defendant's continued claim of innocence. The State responds that the defendant failed to allege that he was prejudiced by trial counsel's conduct. Although a postconviction petition is only required to present a limited amount of detail, the defendant is not excused from providing any factual detail at all to support the alleged constitutional violation. *Hatter*, 2021 IL 125981, ¶ 24. Further, as previously noted, to survive summary dismissal at the first stage of postconviction proceedings, the defendant must show that his counsel's performance fell below an objective standard of reasonableness, and that but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 687. Here, the defendant did not allege in his postconviction petition how he was prejudiced by his trial counsel's statements during the sentencing hearing. Thus, the defendant's petition failed to state a gist of a constitutional claim for ineffective assistance of counsel. Accordingly, the circuit court did not err in dismissing the defendant's postconviction petition at the first stage of proceedings as frivolous and patently without merit.

6

¶ 16                              III. CONCLUSION

¶ 17    We find the defendant's postconviction petition failed to state a gist of a constitutional claim that trial counsel provided ineffective assistance of counsel. Therefore, we affirm the circuit court's summary dismissal of the defendant's postconviction petition at the first stage of postconviction proceedings.

¶ 18    Affirmed.