NOTICE

Decision filed 02/18/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250093-U

NO. 5-25-0093

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 10-CF-324 |
| | ) | |
| JAMES E. HOUSTON, | ) | Honorable |
| | ) | Melissa A. Presser, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Hackett and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the defendant failed to establish cause for not raising his claim in his initial postconviction proceeding, the trial court did not err in denying him leave to file a successive postconviction petition, and since any argument to the contrary would lack merit, this court grants the defendant's appellate counsel leave to withdraw and affirms the trial court's judgment.

¶ 2    The defendant, James E. Houston, is serving prison sentences for attempt first degree murder and other crimes committed in this case. In his fourth appearance before this court, the defendant appeals from the trial court's order denying his motions for leave to file a successive postconviction petition. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis, OSAD has filed a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a supporting memorandum of law. OSAD properly served notice on the

1

defendant, and this court gave him ample opportunity to file a written response to OSAD's motion, but the defendant has not filed a response. This court has examined OSAD's *Finley* motion and memorandum of law, the entire record on appeal, and this court's prior decisions in appeals stemming from the defendant's criminal case. This court concludes that this appeal does indeed lack merit, and accordingly, this court grants OSAD leave to withdraw as counsel and affirms the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4     In May 2015, the defendant was brought to jury trial on several charges that stemmed from an incident on September 7, 2010, in which the defendant attempted to kill his live-in girlfriend and battered the girlfriend's two-year-old son, D.S. The defendant appeared at the trial with counsel. At the end of the trial, the jury found the defendant guilty of attempt first degree murder, aggravated domestic battery, aggravated battery of a child, two counts of criminal damage to property, and endangering the health of a child.

¶ 5     One of the State's trial witnesses was Donna Hesterly, a child protection specialist for the Department of Children and Family Services (DCFS). Hesterly testified that on September 8, 2010, she asked the defendant questions in order to complete a substance-abuse screen on him. According to Hesterly, the defendant told her that on September 7, 2010, while he was caring for D.S., he was also drinking alcohol and taking a particular medication; he thought he experienced "some blackout spells" and could not remember anything further that occurred that day. Defense counsel objected to the line of questioning that had produced this testimony by Hesterly. During a sidebar discussion, the trial court sustained the objection, based upon its ruling, earlier that day, that such testimony would not be allowed due to the State's violation of its discovery orders.

2

¶ 6    On July 28, 2015, the trial court sentenced the defendant to 18 years' imprisonment for attempt first degree murder, 7 years' imprisonment for aggravated domestic battery, 5 years' imprisonment for aggravated battery of a child, and 364 days in the county jail for each of the three other counts. All terms were to be served concurrently.

¶ 7    On August 25, 2015, the defendant filed, by trial counsel, a motion to reduce sentence and a motion for a new trial. On October 31, 2016, the defendant filed *pro se* a "motion for judgement [*sic*]," wherein he faulted trial counsel for a "lack of representation" and claimed that counsel had "blocked" him and his mother from contacting counsel's law office.

¶ 8    On November 24, 2015, the circuit court held a hearing on the various motions. On December 2, 2016, the circuit court entered a docket-entry order dismissing all the posttrial motions, including the *pro se* "motion for judgement [*sic*]," which the court dismissed without any comment.

¶ 9    On appeal, the defendant argued, and the State conceded, that the circuit court had erred in denying his *pro se* posttrial motion without conducting a preliminary inquiry into his allegation of ineffective assistance of counsel, pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny. This court vacated the denial of the defendant's posttrial motion and remanded the cause to the circuit court for a preliminary *Krankel* inquiry into his claims of ineffective assistance. *People v. Houston*, No. 5-16-0521 (Mar. 15, 2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 10    On remand, the trial court conducted a preliminary *Krankel* inquiry into the defendant's claims of ineffective assistance. In addition to the ineffective-assistance claims presented in the "motion for judgement [*sic*]," the defendant orally presented additional claims. One of these new claims was that counsel had failed to call as a witness a psychiatrist or psychologist who could

testify that his medicine, when combined with alcohol, would have drastically impaired his judgment. Counsel responded to the defendant's allegations. Subsequently, the court entered a docket-entry order finding that the defendant's claims of ineffective assistance lacked merit. The defendant appealed.

¶ 11    On appeal, the defendant argued that at the preliminary *Krankel* hearing, he had shown possible neglect of his case by trial counsel, and that the trial court therefore should have appointed new counsel for him. This court found that the trial court's decision was not manifestly erroneous, and it affirmed the trial court's order denying the defendant's *pro se* posttrial claim of ineffective assistance. *People v. Houston*, 2021 IL App (5th) 190238-U.

¶ 12    On January 13, 2023, the defendant filed his initial petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). He alleged a violation of his "self-incrimination rights" in that his trial counsel said at sentencing that the defendant was guilty when the defendant "ha[d] claimed actual innocence throughout." On March 8, 2023, the trial court entered a docket-entry order finding that the petition was frivolous and patently without merit, and the court summarily dismissed the petition. The defendant appealed.

¶ 13    On appeal, the defendant argued that the trial court had erred in summarily dismissing his postconviction petition. This court disagreed, finding that the defendant's petition did not allege how he had been prejudiced by his trial counsel's statements at sentencing, and thus his petition failed to state a gist of a constitutional claim of ineffective assistance. Accordingly, this court affirmed the summary dismissal of the defendant's initial postconviction petition. *People v. Houston*, 2024 IL App (5th) 230190-U.

¶ 14    On October 17, 2023, the clerk of the trial court file-stamped the defendant's *pro se* motion for leave to file a successive postconviction petition (motion for leave). Accompanying the motion

for leave was the defendant's proposed successive petition for postconviction relief. The motion for leave addressed both elements of the cause-and-prejudice test for the defendant's failure to raise his postconviction claims in his initial postconviction proceeding. Cause took the form of "mis-information [*sic*] concerning filing the initial post-conviction." That is, the defendant did not raise his claims in the initial proceeding because he "was ignorant as to the requirements of providing all issues in the initial stage and misunderstood the 'gist' portion of 725 ILCS 5/122." As for prejudice, this element, according to the defendant, was apparent in the successive petition's claims of "due-process violation as well as self-incrimination violation and 5th amendment abuse of discretion violation."

¶ 15 In the proposed successive postconviction petition, the defendant stated that his constitutional rights had been violated when State's witness Hesterly of DCFS "testified about her report which was suppressed and state[d] the petitioner admitted to 'blacking out' and 'causing injuries,' which was also an alleged confession." Trial counsel, the defendant continued, objected to this testimony, but the trial court did not strike it. In his proposed petition, the defendant prayed for "a new trial or reversal of conviction."

¶ 16 For more than a year after its filing on October 17, 2023, the defendant's motion for leave was not brought before the trial court for a ruling. The motion languished in the clerk's office.

¶ 17 On December 5, 2024, the clerk of the trial court file-stamped two *pro se* motions from the defendant: (1) a "motion to file successive post-conviction petition" and (2) a "motion for request to file second post-conviction." In the former motion, the defendant appeared to present the same postconviction claim that he had sought to raise in his filings of October 17, 2023—the claim concerning the testimony of State's witness Hesterly. As for cause, the defendant stated that it was "based partly" on the ineffective assistance of trial counsel and partly on the ineffective assistance

5

of OSAD, the defendant's attorney on direct appeal. According to the defendant, he had informed OSAD of Hesterly's trial testimony, but OSAD "negligently refused" to use the information due to an inability to prove that the testimony had negatively affected the jury. In the latter motion, the defendant stated that he "misunderstood the 'gist' portion of 725 ILCS 5/122 and did not provide enough information to constitute a 'gist.' "

¶ 18    On January 15, 2025, the trial court entered an order that denied both of the defendant's motions for leave to file a successive postconviction petition, *i.e.*, the ones filed on October 17, 2023, and December 5, 2024. By way of explaining its denial of the motions for leave, the court focused on the defendant not raising his postconviction claim in his initial postconviction proceeding. The court stated that the defendant had failed to demonstrate an objective factor, external to the defense, that impeded his ability to raise the claims in his initial postconviction petition. On the contrary, the court found the defendant's claims related to facts that were known to the defendant at the time he filed his initial postconviction petition. According to the court, the defendant's misunderstanding or ignorance of the "gist" standard for constitutional claims under the Post-Conviction Hearing Act did not qualify as cause. Once the trial court found that the defendant had failed to demonstrate cause, it saw no need to analyze the element of prejudice.

¶ 19    The defendant filed a timely notice of appeal from the denial order. The court appointed OSAD as appellate counsel.

¶ 20                                    II. ANALYSIS

¶ 21    The defendant appeals from the trial court's order denying his motions for leave to file a successive postconviction petition. As previously noted, OSAD has concluded that this appeal lacks merit and has filed a *Finley* motion to withdraw as counsel, along with a supporting memorandum that raises one potential issue for review—whether the circuit court erred in denying

6

the defendant leave to file the successive petition. OSAD concludes that the trial court did not err, and this court agrees.

¶ 22    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a process by which a criminal defendant may challenge his conviction or sentence by filing a petition for relief in the circuit court. *Id.* § 122-1. The Act sets forth a process by which a defendant can assert that, in the proceedings that resulted in his conviction, there was a substantial denial of his federal or state constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The Act contemplates the filing of only one postconviction petition. 725 ILCS 5/122-1(f) (West 2022). If a defendant desires to file a successive postconviction petition after his initial petition is dismissed, he must request leave of court before filing it. *Id.*

¶ 23    Successive petitions are "disfavored by Illinois courts." *People v. Edwards*, 2012 IL 111711, ¶ 29. A petitioner must meet a higher burden to go forward on a successive petition than he must meet at the first stage of an initial proceeding. *Id.* ¶¶ 25-29. Successive petitions impede the finality of criminal litigation, and therefore, a defendant faces immense procedural hurdles when bringing a successive petition. *People v. Davis*, 2014 IL 115595, ¶¶ 13-14.

¶ 24    To proceed on a successive postconviction petition, a petitioner must either assert a claim of actual innocence or satisfy the cause-and-prejudice test. *People v. Wilson*, 2014 IL App (1st) 113570, ¶ 33. To establish "cause" under the cause-and-prejudice test, a defendant must identify an objective factor that impeded his ability to raise a specific claim during his initial postconviction proceeding. *People v. Profit*, 2023 IL App (1st) 210881, ¶ 17. To establish "prejudice," a defendant must demonstrate that the claim that was not originally raised infected the trial to the extent that the resulting conviction or sentence violates due process. *Id.* It is the defendant's burden to make a *prima facie* showing of cause and prejudice before any further proceedings on his claims can

7

occur. *Id.* A defendant cannot obtain leave of court unless he satisfies each of the two elements of cause and prejudice; it is not sufficient to establish only one element. *People v. Guerrero*, 2012 IL 112020, ¶ 15. This court reviews *de novo* the trial court's denial of a defendant's motion for leave to file a successive postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 39.

¶ 25    Here, the defendant did not establish cause for his failure to raise his postconviction claim in his initial postconviction proceeding. The defendant's postconviction claim concerned the testimony of DCFS's Hesterly at the defendant's trial. Therefore, there is no valid reason for the defendant not to have raised the claim in the initial proceeding (or in the direct appeal, for that matter). As OSAD notes in its *Finley* memorandum, this claim is based on information contained in the record, and therefore, the defendant did not establish cause.

¶ 26    The defendant alleged that he did not include the claim in his initial petition due to his misunderstanding or ignorance of postconviction law. However, as OSAD also states, ignorance of the law is no excuse for not including the claim in the initial petition, citing *People v. Lander*, 215 Ill. 2d 577, 588 (2005) (all citizens are charged with knowledge of the law, and ignorance of the law of legal rights will not excuse a delay in filing a lawsuit). Ignorance of the law can never be the "cause" for a defendant's failure to present a claim in an initial postconviction petition. *People v. Evans*, 2013 IL 113471, ¶ 13. In light of the defendant's failure to establish cause, there is no need to examine the issue of prejudice, as the trial court itself found.

¶ 27                                  III. CONCLUSION

¶ 28    The circuit court did not err in denying the defendant's motions for leave to file a successive postconviction petition, and any argument to the contrary would have no merit. Accordingly, OSAD is granted leave to withdraw as the defendant's counsel on appeal, and the judgment of the trial court is affirmed.

¶ 29    Motion granted; judgment affirmed.